**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

POHLE NV CENTER, INC., an Arizona corporation,

Plaintiff,

v.

TEXTRON SPECIALIZED VEHICLES, INC., a Georgia corporation; JOHN DOES I through V, inclusive; JANE DOES I through V, inclusive; ABC CORPORATIONS I through V, inclusive, and XYZ PARTNERSHIPS, I through V, inclusive,

Defendants.

Case No. _______________

**NOTICE OF REMOVAL**

Defendant Textron Specialized Vehicles Inc. ("TSV" or "Defendant"), by and through its undersigned counsel, submits this Notice of Removal for this action from the Superior Court of Arizona, Maricopa County, to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

**BACKGROUND**

1. TSV is the sole named and served defendant in a civil action filed in the Superior Court of Arizona, Maricopa County, titled *Pohle NV Center, Inc. v. Textron Specialized Vehicles,*

*Inc.*, Case No. CV2026-001601 (the "State Court Action"). The Summons and Complaint served on TSV are attached hereto as **Exhibit A**. TSV was served through its statutory agent, CT Corporation System, on January 14, 2026. A copy of the CT Corporation Service of Process Transmittal Summary is attached hereto as **Exhibit B**.

2. Pohle NV Center Inc., ("Pohle" or "Plaintiff") sells and services golf carts, parts, and accessories. Pohle operates dealerships in six locations in Arizona: Flagstaff, Mesa, Scottsdale, Sun City, Sun City West, and Tucson.

3. TSV is the manufacturer and franchisor of the E-Z-GO line of golf carts and parts (together, the "E-Z-GO Products") and Cushman line of utility terrain vehicles and parts (together, the "Cushman Products," and, together with the E-Z-GO Products, the "TSV Dealer Products") sold by Pohle.

4. The State Court Action seeks declaratory relief and damages for Plaintiff's alleged injuries arising out of the sale and service of the TSV Dealer Products at Plaintiff's six Arizona dealership locations. The Complaint asserts three causes of action: (1) a declaratory judgment claim seeking interpretation of A.R.S. § 12–1831 (Count One); (2) a statutory claim for damages under A.R.S. § 28–4307 and reasonable attorneys' fees related thereto (Count Two); and (3) a breach of contract claim (Count Three).

## BASIS FOR REMOVAL

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is . . . between citizens of different States." Removal is proper under 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1441; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

**A. There Is Complete Diversity of Citizenship Between the Parties.**

6. The Complaint alleges that Plaintiff Pohle NV Center, Inc. is an Arizona corporation that owns and operates six dealership locations in Arizona. (*See* Ex. A, Compl., at ¶ 1.) Accordingly, Pohle NV Center, Inc., is a citizen of Arizona for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

7. Defendant TSV is and was at the time the State Court Action was commenced, a corporation organized under the laws of Delaware with its principal place of business in Georgia. Accordingly, TSV is a citizen of Delaware and Georgia for purposes of diversity jurisdiction. *See* U.S.C. § 1332(c).

8. The Complaint also names various fictitious defendants ("John Does," "Jane Does," "ABC Corporations," and "XYZ Partnerships"). The citizenship of fictitious defendants is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1). Accordingly, the presence of these defendants does not affect diversity jurisdiction. TSV is the only defendant that has been served in the State Court Action.

**B. The Amount-In-Controversy Requirement Is Satisfied.**

9. The amount in controversy exceeds $75,000 because Plaintiff alleges extensive, significant, and ongoing violations of several provisions of the Arizona motor vehicle dealer law statutes as well as multiple claims for breach of contract. (*See* Ex. A, Compl., at ¶¶ 46, 48–50, 58; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

10. Although the Complaint does not specify a dollar amount of damages, Plaintiff alleges that TSV's actions caused economic harm to its business operations across all six dealership locations by "permitting others to sell and perform warranty work within Pohle's communities and within 10 miles of its dealerships, by selling directly to Arizona customers,

including golf courses and resorts, and through Amazon and its own website, and by unfairly discriminating among its dealers and parties acting as dealers." (See Ex. A, Compl., at ¶¶ 48–51.) As a result, Plaintiff seeks declaratory relief, compensatory damages, consequential damages, and other relief, including statutory damages for alleged pecuniary losses pursuant to A.R.S. § 28–4307.

**C. The Other Prerequisites for Removal Have Been Satisfied.**

11. In addition to satisfying the requirements of diversity jurisdiction, TSV has satisfied all other requirements for removal.

12. Defendant's Notice of Removal is timely because it is filed within thirty (30) days after service of the Summons and Complaint on January 14, 2026. 28 U.S.C. § 1446(b); (*See* Ex. B.)

13. Venue is proper in the United States District Court for the District of Arizona under 28 U.S.C. § 1441(a) because the State Court Action is pending in Maricopa County, which lies within this District. *See* 28 U.S.C. § 1446(a).

14. Pursuant to 28 U.S.C. § 1446(a), TSV attaches hereto copies of all process, pleadings, and orders served upon it in the State Court Action as **Exhibit C**.

15. As required by 28 U.S.C. § 1446(d), TSV will promptly provide written notice of this removal to Plaintiff and will file a Notice of Filing Notice of Removal with the Clerk of the Superior Court of Arizona, Maricopa County. A copy of the Notice of Filing Notice of Removal is attached hereto. *See* Ex. C at 17.

16. No previous application for the relief requested herein has been made.

**WHEREFORE** Defendant TSV requests that the above-described action pending in the Maricopa County Superior Court be removed to this court.

Dated: February 13, 2026

s/ *Mark C. Grundvig*
Mark C. Grundvig, Ariz. Bar No. 017249
Foley & Lardner LLP
Washington Harbour
3000 K St. N.W.
Suite 600
Washington, DC 20007-5111
Telephone: 202.672.5300
Facsimile: 202.672.5399
Email: mark.grundvig@foley.com

*Attorney for Defendant Textron Specialized Vehicles Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2026, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF e-filing system, and a true and correct copy of the foregoing was served on the following via email and U.S. Mail:

Tina M. Ezzell,
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
602.255.6000
tme@tblaw.com

Dated: February 13, 2026

s/ *Mark C. Grundvig*
Mark C. Grundvig, Ariz. Bar No. 017249
Foley & Lardner LLP
Washington Harbour
3000 K St. N.W.
Suite 600
Washington, DC 20007-5111
Telephone: 202.672.5300
Facsimile: 202.672.5399
Email: mark.grundvig@foley.com

*Attorney for Defendant Textron Specialized Vehicles Inc.*